IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CATHERINE GIBSON,  )  <br> ) <br> **Plaintiff,**  ) <br> ) <br> VS.   ) <br> ) <br> VERIZON WIRELESS SERVICES, LLC  ) <br> ) <br> **Defendant.** | CASE NO: _____ |

## COMPLAINT

Plaintiff, Catherine Gibson, by and through the undersigned attorneys, brings this action against Defendant Verizon Wireless Services, LLC on the grounds and in the amounts set forth herein.

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and claims under Alabama law. Plaintiff seeks actual damages, punitive damages, costs and attorney's fees.

2. Plaintiff is a natural person and consumer, a resident and a citizen of Baldwin County in the State of Alabama and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

3. Defendant, Verizon Wireless Wireless, LLC ("Verizon") is a corporation doing business in Alabama and is incorporated under the laws of Delaware. Defendant's principal place of business is in New Jersey.

4.  Verizon is a furnisher of information as defined in 15 U.S.C. § 1681s-2 of the FCRA and/or a user of consumer credit reports.

## JURISDICTION AND VENUE

5.  This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendant is liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968", 15 U.S.C. § 1601, et seq., as well as other applicable law.

6.  Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7.  In 1996, the Plaintiff signed up for a 2 year contract for cell phone service and maintained the account through Verizon.

8.  Every two years, the Plaintiff was contacted by Verizon and asked to continue her service with them.

9.  On each occasion, the Plaintiff agreed to continue her cell phone service.

10. In December, 2008, Plaintiff was advised by Verizon Wireless that her 2 year contract had expired and she was placed on a month to month contract.

11. Plaintiff ended her 12 year relationship with Verizon and switched her cellular service to T-Mobile.

12. After the cancelation, Plaintiff received an invoice that reflected a $200 additional charge on her now closed account.

13. She contacted Verizon and spoke with a customer service representative that informed her it was a fee changed for early termination.

14. She disputed this charge with numerous customer service representatives of Verizon over the course of the next few months, explaining to them that she was on a month to month agreement and that she did not authorize Verizon to extend her contract.

15. Several months later, she discovered during a review of her credit reports that the Defendant Verizon was reporting a $200 balance on her account.

16. Plaintiff advised Equifax, Trans Union, and Experian of the inaccurate reporting of the Verizon account and informed the reporting agencies of the charges being reported was not owed.

17. The credit reporting agencies received notice from the Plaintiff of the fact that she was disputing the account at issue herein.

18. On information and belief, Trans Union, Experian, and Equifax contacted Verizon about the disputed account pursuant to the regulations and procedures provided for under the FCRA.

19. Plaintiff received the reinvestigation results from the credit reporting agencies and the outstanding balance on the Verizon account remained on her credit report.

20. Verizon failed to perform a proper investigation as the account was not updated as per Plaintiff's dispute.

21. The continued reporting by Verizon occurred after the Plaintiff's notifications to the the bureaus that the Verizon account was not accurate.

22. The plaintiff was later denied credit for a home loan based on her credit reports after the Defendant was placed on notice of the disputed account and failed to update said disputed account.

23. The Plaintiff has suffered damages, including but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendant publication of this adverse credit information.

## COUNT ONE
*Failure to comply with 15 U.S.C. § 1681s-2 of the FCRA by Defendant Verizon Wireless Services, LLC*

24. This is a count against Verizon only for their willful and/or negligent violations of 15 U.S.C. § 1681s-2(b).

25. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

26. Defendant was required under 15 U.S.C § 1681s-2(b), to respond to the request for reinvestigation by the Plaintiff by completing a diligent inquiry into the facts underlying the trade-lines and providing accurate information to the credit reporting agencies regarding those trade-lines.

27. Defendant's reinvestigation included the following duties and was required to meet the following standards:

    A. To include a review of all information provided to it by the credit reporting agency;

    B. To be conducted in good faith;

    C. To be conducted in such a fashion as to assure the maximum possible accuracy of the Plaintiff's consumer credit report;

    D. To be conducted in such a way as to not violate any of the general prerequisites for Defendant's conduct under 15 U.S.C § 1681s-2(a) or any other statutory requirement for furnishers of credit information;

   E. To be conducted in a reasonable fashion; and

   F. To be conducted based on a review of all information reasonably available to Defendant.

28. Following the reinvestigation, on information and belief, Defendant reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

29. Following the reinvestigation, Defendant reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

30. Following the reinvestigation and dispatch of notice to the Defendant, Defendant reported credit information that was in fact not accurate, and in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

31. Following the reinvestigation and dispatch of notice to Defendant, the Defendant failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

32. Defendant's reinvestigation was not conducted in good faith.

33. Defendant's reinvestigation was not conducted in such a way as to insure the maximum possible accuracy of the Plaintiff's consumer report.

34. Defendant's reinvestigation was not conducted reasonably.

35. Defendant's reinvestigation was not conducted using all information reasonably available to Defendant.

36. Defendant's reinvestigation was per se deficient by reason of these failures of the defendant in the reinvestigation of the credit accounts on the Plaintiff's consumer credit report.

37. Defendant's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles the Plaintiff to recover for damages.

**WHEREFORE**, Plaintiff demands judgment for actual damages; statutory damages, costs, attorney fees and punitive damages; such other relief as the Court deems proper.

**RESPECTFULLY SUBMITTED** this the 28th day of August, 2009.

_____
JAMES D. PATTERSON (PATJ6485)
EARL P. UNDERWOOD, JR. (UNDEE6591)

Law Offices of Earl P. Underwood, Jr.
21 South Section St.
Fairhope, Alabama 36533
Phone: 251-990-5558
Fax: 251-990-0626
epunderwood@alalaw.com
jpatterson@alalaw.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.**

_____
James D. Patterson

Please serve this complaint by certified mail.